```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


AVA SLAUGHTER,                    §
                                  §
            Plaintiff,            §
                                  §
v.                                §    CIVIL ACTION NO. H-05-3455
                                  §
JONES DAY,                        §
                                  §
            Defendant.            §
```

### MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Jones Day's Motion for Summary Judgment (Docket Entry No. 16). For the reasons stated below, defendant's motion will be granted.

### I.  Background

Plaintiff, Ava Slaughter, began her employment with defendant, Jones Day, when defendant combined with another law firm for whom plaintiff previously worked. Plaintiff alleges that she was hired as a manager within the technology department.[1] Defendant disputes this characterization, stating that plaintiff has always been a support specialist, rather than a manager.[2] In 2003[3] defendant

---

[1] Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit A, Deposition of Ava Slaughter, pp. 34-35.

[2] Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, pp. 3-4.

[3] The month in which defendant decided to hire a new manager is disputed. Plaintiff Slaughter's Opposition to Motion for Summary Judgment, Docket Entry No. 19, p. 7.

decided to interview candidates for the position of technology manager.[4]  Three internal candidates applied for the manager position, including plaintiff and Jerri Del Riesgo, a support specialist in defendant's Columbus, Ohio, office.[5]  Each candidate was interviewed by four Jones Day employees:  Houston Office Administrator Kevin Richardson, Houston Office Partner-in-Charge Hugh Whiting, and Houston Partners Mark Metts and Scott Cowan.[6]  The four interviewers were provided with each candidate's resume, performance evaluations from 2002 and 2003, and the job description for the manager position.[7]  Each interviewer met separately with each of the candidates, then the interviewers met to discus their rankings of the candidates.  All four interviewers ranked Del Riesgo first and plaintiff last for the position.[8]

The interviewers based these recommendations on Del Riesgo's institutional knowledge about the firm, the initiative and positive

---

[4]Because it alleges that plaintiff was never a manager, defendant argues that this was a new position.  Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, p. 4.  Plaintiff claims that this was the position in which she was already serving.  Id. at Exhibit A, Deposition of Ava Slaughter, pp. 34-35.

[5]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, pp. 4-5.

[6]Id.

[7]Id. at Exhibit C, Affidavit of Hugh Whiting.

[8]Id.

attitude she showed in her interviews, and her evaluations, which commended her efficiency, organization, and attention to detail.[9] Richardson testified that the interviewers placed more emphasis on each candidate's service skills than on her technical abilities because the manager position requires strong organizational and time-management skills.[10] Plaintiff's weakness in these areas is documented in her 2002 and 2003 evaluations, which note plaintiff's need for greater organization and more effective communication.[11] The interviewers stated that these deficiencies also contributed to their decisions to recommend Del Riesgo over plaintiff.[12] As the Partner-in-Charge, Whiting made the final decision to hire Del Riesgo for the manager position.[13] Plaintiff remains employed

---

[9]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, p. 6; id. at Exhibit B, Deposition of Kevin Richardson, pp. 84-85, 100; id. at Exhibit C, Affidavit of Hugh Whiting, ¶ 6; id. at Exhibit E, Affidavit of Scott Cowan, ¶ 6; id. at Exhibit D, Affidavit of Mark Metts, ¶ 6.

[10]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit B, Deposition of Kevin Richardson, pp. 109-10; Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit I, No. 2, GIS Manager Job Description.

[11]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit I, No. 3, Information Given to GIS Manager Candidates, pp. 25-34.

[12]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit B, Deposition of Kevin Richardson, pp. 52-53, 65-66; id. at Exhibit C, Affidavit of Hugh Whiting, ¶ 6; id. at Exhibit D, Affidavit of Mark Metts, ¶ 6; id. at Exhibit E, Affidavit of Scott Cowan, ¶¶ 7-8.

[13]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit C, Affidavit of Hugh Whiting, ¶ 6.

by defendant in the position of support specialist.[14]  Hiring Del Riesgo did not change plaintiff's hours or compensation.

In November of 2003 plaintiff contacted defendant's Human Resources Department to complain that she had been racially discriminated against with regard to the manager position. Plaintiff's complaint was investigated, but no evidence was found that discrimination motivated defendant's decision.[15] When plaintiff spoke to the Human Resources representatives regarding the findings of this investigation, plaintiff tape-recorded the conversation without the representatives' knowledge in violation of firm policy.[16] Plaintiff also took copies of various firm documents without authorization or approval and gave them to her attorney, also in violation of firm policy.[17] Upon learning of these actions, defendant counseled plaintiff that her conduct violated firm policy

---

[14]Defendant contends that plaintiff has remained a support specialist throughout her employment.  Plaintiff considers this position a demotion.  Plaintiff Slaughter's Opposition to Motion for Summary Judgment, Docket Entry No. 19, p. 1.

[15]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit C, Affidavit of Hugh Whiting, ¶ 7.

[16]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit A, Deposition of Ava Slaughter, pp. 251-253; id. at Exhibit I, No. 4, Jones Day Tape Recordings Policy.

[17]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit A, Deposition of Ava Slaughter, pp. 265-66; id. at Exhibit I, No. 5, Jones Day Firm Property Policy.

and advised her that such future violations could result in disciplinary action.[18]

In April of 2005 plaintiff filed suit in state court alleging that she was demoted from her position as manager based upon her race in violation of 42 U.S.C. § 1981 ("Section 1981") and the Texas Commission on Human Rights Act ("TCHRA") and that she was unlawfully retaliated against for her participation in this lawsuit in violation of the TCHRA.[19]  Defendant removed the action to this court based on diversity jurisdiction.[20]  After conducting a substantial amount of discovery, defendant now moves for summary judgment on all of plaintiff's claims.

## II.  Summary Judgment Standard

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to a judgment.  Fed. R. Civ. P. 56(c).  A "material fact" is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  Disputes about material facts

---

[18]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Exhibit I, No. 6, June 20, 2006, Counseling Report for Ava Slaughter.

[19]Plaintiff Slaughter's First Amended Complaint, Docket Entry No. 13, pp. 7-9.

[20]Notice of Removal, Docket Entry No. 1.

are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Id. at 2511.  If the movant meets this burden, the nonmovant must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material facts that must be resolved at trial. Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Reeves v. Sanderson Plumbing Prods., 120 S. Ct. 2097, 2110 (2000).  Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The plaintiff must reveal a conflict in substantial evidence on the ultimate issue of discrimination in order to withstand a motion for summary judgment. Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1122 (5th Cir. 1998) (citing Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) (en banc)).  Evidence is substantial if it is of such a quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions. Id.  Consequently, a mere scintilla of evidence is insufficient to present a question for the jury.  Rhodes, 75 F.3d at 993.

**III.   Analysis**

**A. Race Discrimination Claim**

Plaintiff argues that her demotion constituted a violation of § 1981 and the TCHRA.  Both claims are analyzed under the same approach.  See, e.g., LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 (5th Cir. 1996) ("Claims of employment discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII."); Quantum Chemical Corp. v. Toennies, 47 S.W.3d 473, 476 (Tex. 2001) ("One of TCHRA's purposes is to provide for the execution of the policies of Title VII. . . .  Therefore, analogous federal statutes and the cases interpreting them guide our reading of the TCHRA.") (internal quotations omitted); Culwell v. City of Fort Worth, 468 F.3d 868, 873 (5th Cir. 2006) (setting forth the Title VII approach).  Under this approach,

> [t]o survive summary judgment on a claim of unlawful racial discrimination in employment, a plaintiff must prove, at least, that there is a genuine dispute of material fact concerning his prima facie case.  If the employer comes forward with a legitimate, alternative, non-discriminatory reason for its employment action, the plaintiff must point to disputed facts from which a reasonable factfinder could conclude either that the alternative reason is a pretext or that it was only one of multiple reasons for defendant's conduct, another of which was racial animus.

Culwell, 468 F.3d at 873.[21]

---

[21] The Fifth Circuit has labeled this framework the "modified McDonnell Douglas process."  See Keelan v. Majesco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005).

To establish a prima facie case of employment discrimination plaintiff must show that (1) she was demoted, (2) she was qualified for the position she occupied, (3) she was in a protected class at the time of the demotion, and (4) she was replaced by someone not within the protected class. Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000).[22]  It is undisputed that plaintiff, an African-American woman, falls within a protected class, and that Del Riesgo, a Caucasian woman, became the department manager.  Defendant argues that plaintiff has no evidence that she was demoted because plaintiff's job responsibilities, official job title, and hours did not change after Del Riesgo was hired.[23]  Plaintiff responds by pointing to firm documents and e-mails listing plaintiff as a manager and plaintiff's testimony that her duties changed after the switch.[24]

---

[22] Defendant argues that this case should be evaluated as one involving a failure to promote, rather than one of demotion, because there is no evidence that plaintiff suffered a demotion. Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, p. 9, n.11.  As discussed below, the court finds that there is a material dispute whether plaintiff was demoted from a manager position after defendant hired Del Riesgo.  For that reason, and because the court is satisfied that plaintiff has established a prima facie case of demotion, plaintiff's claim will be analyzed as one of demotion, rather than failure to promote.

[23] Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, p. 9, n.11; Defendant Jones Day's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Docket Entry No. 21, pp. 3-4.

[24] Plaintiff Slaughter's Opposition to Motion for Summary Judgment, Docket Entry No. 19, p. 2.

The court therefore concludes that a material dispute exists as to whether plaintiff was demoted.

Defendant also argues that plaintiff's prima facie case fails because her poor performance evaluations show that she was not qualified for the managerial position.  However, the Fifth Circuit has held that "a plaintiff challenging his termination or demotion can ordinarily establish a prima facie case of . . . discrimination by showing that [she] continued to possess the necessary qualifications for [her] job at the time of the adverse action.  The lines of battle may then be drawn over the employer's articulated reason for its action and whether that reason is pretext for discrimination."  Bienkowski v. American Airlines, Inc., 851 F.2d 1503, 1505-06 (5th Cir. 1988).  To "establish a prima facie case, a plaintiff need only make a very minimal showing."  See Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 41 (5th Cir. 1996) (quoting Thornbrough v. Columbus and Greenville R. Co., 760 F.2d 633, 639 (5th Cir. 1985)).  Considering this "minimal" standard and recognizing that defendant's arguments can also be appropriately evaluated in later steps of the analysis, the court will accept, arguendo, that plaintiff has met her initial burden of presenting a prima facie case.

Having found that plaintiff met her threshold burden, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for its decision to demote plaintiff.

Culwell, 468 F.3d at 873. Defendant meets this burden by stating that it believed Del Riesgo was better qualified than plaintiff for the manager position.[25] See Elliott v. Group Medical & Surgical Serv., 714 F.2d 556, 567 (5th Cir. 1983) ("Nor are we prepared to lay it down that because an employee is performing his job adequately, an employer is prohibited from replacing him with one whom he subjectively believes will do a better job.").

The burden then shifts back to plaintiff, who must demonstrate either that (1) defendant's reason is merely a pretext for discrimination, or (2) that defendant's decision was also unlawfully motivated by plaintiff's race. Culwell, 468 F.3d at 873. The evidence plaintiff produces at this stage must be sufficient for a jury to conclude, by a preponderance of the evidence, that race was a motivating factor for the employment action. Desert Palace, Inc. v. Costa, 123 S. Ct. 2148, 2155 (2003).

Plaintiff first asserts that she was the only African-American manager at Jones Day until her demotion, which she argues illustrates defendant's discriminatory animus.[26] However, "more than statistics are usually necessary to rebut an employer's strong showing of a legitimate, non-discriminatory reason" for its

---

[25] Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, pp. 12-13.

[26] Plaintiff Slaughter's Opposition to Motion for Summary Judgment, Docket Entry No. 19, pp. 1-2.

employment action.  Bauer v. Albemarle Corp., 169 F.3d 962, 968 (5th Cir. 1999).  See also EEOC v. Tex. Instruments, Inc., 100 F.3d 1173, 1185-86 (5th Cir. 1996).[27]  Plaintiff argues that the "subjective" criteria used to demote her also demonstrates discriminatory motives.[28]  Plaintiff does not dispute that each candidate was evaluated annually on the same criteria, but she argues that her performance evaluations were subjective and discriminatory.[29]  However, plaintiff points to no evidence supporting this assertion other than the fact that two of her evaluations were more positive than the others.[30]  This is insufficient to create a disputed issue of material fact, as are plaintiff's own self-interested characterizations of her job performance and qualifications.

---

[27]Plaintiff also alleges that the defendant lied about the date it decided to hire a new manager to cover up the fact that her manager had spent the extra time "build[ing] a subjective case against her."  Plaintiff Slaughter's Opposition to Motion for Summary Judgment, Docket Entry No. 19, p. 7.  However, plaintiff fails to present any evidence that defendant used this time to "build a case against her" in her 2003 evaluations and does not explain what effect this might have had, given the fact that both her 2002 and 2003 evaluations were used by the interviewers in their decisions.

[28]Plaintiff Slaughter's Opposition to Motion for Summary Judgment, Docket Entry No. 19, pp. 7-11.

[29]Id.

[30]Id. at 9.  Plaintiff's reliance on Crawford v. Western Electric Co., 614 F.2d 1300, 1315-16 (5th Cir. 1980), is misplaced.  In Crawford the promotions denied by the defendant were not based on *any* written evaluation or articulated standard and were, thus, wholly subjective.  This was not the case here.

Because plaintiff has failed to show the existence of a disputed material fact regarding defendant's discriminatory motives, summary judgment for her employment discrimination claim is appropriate.

**B.   Retaliation Claim**

Plaintiff also alleges a claim for unlawful retaliation in violation of the TCHRA.[31]  To establish a prima facie case of retaliation, plaintiff must show that (1) she engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal connection exists between the two.  See 982 S.W.2d 551 (Tex. App. -- San Antonio Oct. 28, 1998).  Again, cases interpreting analogous federal statutes inform the court's analysis.  Quantum, 47 S.W.3d at 476.  The Supreme Court recently articulated the standard for what constitutes "adverse employment action." Burlington Northern and Santa Fe Ry. Co. v. White, 126 S. Ct. 2405 (2006).  The Court held that

> a plaintiff must show that a reasonable employee would have found the challenged action materially adverse. . . .  We speak of *material* adversity because we believe it is important to separate significant from trivial harms. . . . An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.

Id. at 2414-15.  Plaintiff admits that she recorded the phone conversations and took documents without permission.  The

---

[31]Plaintiff Slaughter's First Amended Complaint, Docket Entry No. 13, pp. 8-11.

counseling report at issue did not revoke any of plaintiff's privileges, nor did it alter her employment status in any way. Plaintiff was merely counseled that her actions violated firm policies and was advised that any future violations could result in disciplinary action.[32]  This allegedly retaliatory action did not produce "injury or harm" that may be reasonably perceived to be "materially adverse" to plaintiff.  Cf. Molina v. Equistar Chems., L.P., 2006 U.S. Dist. LEXIS 47075, at *28-30 (S.D. Tex. June 30, 2006) (holding that a plaintiff who was asked to attend a meeting with his supervisors and given a "Last Chance Agreement" at that meeting did not suffer an adverse employment action under Burlington Northern).

Because plaintiff failed to establish an element of her prima facie case of retaliation, summary judgment on this claim is appropriate.

## IV.  Conclusion and Order

For the reasons stated above, the court concludes that summary judgment is warranted on all of plaintiff's claims.  Defendant's Motion for Summary Judgment (Docket Entry No. 16) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this 11th day of January, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[32]Defendant Jones Day's Motion for Summary Judgment, Docket Entry No. 16, Ex. I, No. 6, June 20, 2006, Counseling Report for Ava Slaughter.

-13-